UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARLA J. BURK, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| *vs.* ) | |
| ) | No. 1:15-cv-001158-JMS-TAB |
| CAROLYN W. COLVIN, *Acting Commissioner of* ) | |
| *the Social Security Administration*, ) | |
| ) | |
| *Defendant*. ) | |

**ENTRY REVIEWING THE COMMISSIONER'S DECISION**

Plaintiff Carla Burk applied for disability insurance benefits and supplemental security income in August 2012, alleging a disability onset date of November 30, 2008. [Filing No. 12-5 at 2-7.] Her application was denied initially and she requested a hearing with an Administrative Law Judge ("ALJ"). [Filing No. 12-4 at 2-9; Filing No. 12-4 at 27-28.] The ALJ held a hearing on April 16, 2014, and issued a decision on June 6, 2014, concluding that Ms. Burk was not entitled to receive benefits. [Filing No. 12-2 at 20-32; Filing No. 12-2 at 41-68.] The Appeals Council denied review on June 11, 2014. [Filing No. 14 at 4.] Ms. Burk then filed this action asking the Court to review the denial of benefits. [Filing No. 1.]

# I.
## BACKGROUND

Ms. Burk was thirty-eight years old when she applied for disability benefits in August 2012. [Filing No. 12-5 at 2-7.] Ms. Burk previously worked as a 911 emergency dispatcher. [Filing No. 12-2 at 62.] She claims that she is disabled based on a variety of conditions, which will be discussed as necessary below. Ms. Burk met the insured status requirements of the Social Security Act through December 31, 2012. [Filing No. 12-2 at 22.]

Using the five-step sequential evaluation set forth by the Social Security Administration in 20 C.F.R. § 404.1520(a)(4), the ALJ issued an opinion on June 16, 2014, determining that Ms. Burk was not entitled to receive disability insurance benefits or supplemental security income. [Filing No. 12-2 at 20-32.]  The ALJ found as follows:

- At Step One of the analysis, the ALJ found that Ms. Burk had not engaged in substantial gainful activity[1] since the alleged onset date.  [Filing No. 12-2 at 22.]

- At Step Two of the analysis, the ALJ found that Ms. Burk suffered from the severe impairments of lumbar spine degenerative changes, cervical spine degenerative disc disease, and obesity.  [Filing No. 12-2 at 22-25.]

- At Step Three of the analysis, the ALJ found that Ms. Burk did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  [Filing No. 12-2 at 25.]

- After Step Three but before Step Four, the ALJ found that Ms. Burk had the residual functional capacity ("RFC") to: "lift and carry up to 50 pounds occasionally and 25 pounds frequently, stand and/or walk for about 6 hours of an 8-hour workday, and sit for about 6 hours of an 8-hour workday.  The claimant cannot perform work at dangerous heights and should not climb ladders, ropes, or scaffolds."  [Filing No. 12-2 at 25-31.]

---

[1] Substantial gainful activity is defined as work activity that is both substantial (*i.e.*, involves significant physical or mental activities) and gainful (*i.e.*, work that is usually done for pay or profit, whether or not a profit is realized).  20 C.F.R. § 404.1572(a); 20 C.F.R. § 416.972(a).

2

- At Step Four of the analysis, the ALJ found that Ms. Burk was capable of performing her past relevant work as an emergency dispatcher. [Filing No. 12-2 at 31.]

- The ALJ did not reach Step Five of the analysis due to his finding at Step Four that Ms. Burk could perform her past relevant work. [Filing No. 12-2 at 31.]

Ms. Burk sought review of the ALJ's decision from the Appeals Council, but that request was denied on June 11, 2015, [Filing No. 12-2 at 2-4], making the ALJ's decision the Commissioner's final decision subject to judicial review. Ms. Burk then filed this action, asking that the Commissioner's decision be reversed and requesting an award of benefits, or in the alternative, that the case be remanded for further proceedings. [Filing No. 1.]

## II.
### STANDARD OF REVIEW

"The Social Security Act authorizes payment of disability insurance benefits and Supplemental Security Income to individuals with disabilities." *Barnhart v. Walton*, 535 U.S. 212, 214 (2002). "The statutory definition of 'disability' has two parts. First, it requires a certain kind of inability, namely, an inability to engage in any substantial gainful activity. Second it requires an impairment, namely, a physical or mental impairment, which provides reason for the inability. The statute adds that the impairment must be one that has lasted or can be expected to last…not less than 12 months." *Id.* at 217.

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). Because the ALJ

"is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this Court must afford the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong," *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)-(v), evaluating the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform [her] past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) (citations omitted) (alterations in original). "If a claimant satisfies steps one, two, and three, she will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then she must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's RFC by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.* The ALJ uses the RFC at Step Four to determine whether the claimant can perform her own past relevant work and if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 416.920(e)(g). The burden of proof is on the claimant for Steps One through Four; only at Step Five does the burden shift to the Commissioner. *Clifford*, 227 F.3d at 868.

4

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Barnett*, 381 F.3d at 668. When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An award of benefits "is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id.* (citation omitted).

### III.
### DISCUSSION

Ms. Burk sets forth four arguments in support of her appeal: (1) that the ALJ erred by failing to consider her mild mental limitations in his RFC determination and by failing to include those limitations in his questions to the VE, [Filing No. 14 at 7-11]; (2) that the ALJ erred in finding that substantial evidence supported the conclusion that Ms. Burk could work as an emergency dispatcher given her mental health history, [Filing No. 14 at 11-12]; (3) that the ALJ erred in finding that Ms. Burk could perform her past relevant work as actually performed, [Filing No. 14 at 12-14]; and (4) that the ALJ erroneously evaluated Ms. Burk's examining physician's opinion, [Filing No. 14 at 14-19]. Because the Court has determined that the first issue requires remand, it will address that issue first.

**A. Ms. Burk's Residual Functional Capacity and the ALJ's Hypotheticals to the VE**

Ms. Burk argues that the ALJ did not take into account his finding that Ms. Burk had mild mental limitations when he was determining her RFC and when he was questioning the VE. [Filing No. 14 at 7.] She contends that Seventh Circuit precedent requires that a claimant's limitations with respect to concentration, persistence, pace, and social functioning should be accounted for in the ALJ's determination of a claimant's RFC and should be included in hypothetical questions posed to the VE. [Filing No. 14 at 7-8] She asserts that the ALJ "failed to consider all of Ms.

5

Burk's medical impairments in combination when making that assessment." [Filing No. 14 at 10.] She also argues that "the ALJ did not obtain evidence from the vocational expert that the mild difficulties at issue did not impact or prevent the performance of the semi-skilled work as an emergency dispatcher." [Filing No. 14 at 10.]

In response, the Commissioner argues that the ALJ was not required to include Ms. Burk's mental limitations in the RFC because they were not supported by evidence in the record. [Filing No. 19 at 3-4.] The Commissioner argues that the ALJ considered Ms. Burk's "alleged mental limitations, and considered the medical records and opinions and the credibility of the Plaintiff's allegations." [Filing No 19 at 4.] Therefore, the Commissioner states that there is an indication that the ALJ did not think that the mild mental limitations would affect Ms. Burk's ability to perform work and he did not have to use his findings in determining the RFC. [Filing No. 19 at 4.]

On reply, Ms. Burk again argues that there is not substantial evidence to support the ALJ's RFC assessment because he did not take into account her mild mental limitations. [Filing No. 20 at 4.] She contends that the ALJ contradicted Seventh Circuit precedent and, therefore, did not properly address this issue. [Filing No. 20 at 5.]

Between steps three and four of the disability claim analysis, the ALJ must assess the claimant's RFC. 20 C.F.R. § 404.1520(e). The Seventh Circuit has held that an ALJ "must incorporate all of the claimant's limitations supported by the medical record" when posing a hypothetical to a VE and when making an RFC assessment. *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015); *see also Murphy v. Colvin*, 759 F.3d 811, 820 (7th Cir. 2014) ("We have stated repeatedly that ALJs must provide VEs with a complete picture of a claimant's residual functional capacity…. [I]f the hypothetical posed to the VE does not include all of the claimant's limitations,

6

there must be some amount of evidence in the record indicating that the VE knew the extent of the claimant's limitations…. We require the VE to know about a claimant's limitations so that the VE does not refer to work that the claimant is not capable of undertaking"). If an ALJ fails to include all of this information, then the VE's hypothetical and the assessment are insufficient unless: (1) the VE independently viewed the claimant's medical records or heard testimony regarding the limitations in question; or (2) the ALJ phrased the hypothetical in such a way that "it was manifest that the ALJ's alternative phrasing specifically excluded those tasks that someone with the claimant's limitations would be unable to perform." *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619-20 (7th Cir. 2010). If the ALJ did not incorporate all limitations supported by medical records in the hypothetical posed to the VE and did not use those limitations in determining the claimant's RFC, then remand is required. *Id.* at 621.

When the ALJ evaluated Step Two of the disability claim analysis, he found that, based on Ms. Burk's medical history, Ms. Burk had mild limitations in activities of daily living, social functioning, and concentration, persistence, and pace. [Filing No. 12-2 at 23-24.] When determining her RFC, the ALJ did not consider those mild limitations. [See Filing No. 12-2 at 25-31.] This was improper. *See Varga*, 794 F.3d at 813.

Additionally, when he questioned the VE to determine Ms. Burk's capacity to perform her past relevant work, the ALJ did not include any conditions about her mild mental limitations in the hypotheticals. [*See* Filing No. 12-2 at 65-68.] This also contradicts Seventh Circuit precedent. *See Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014) ("As a general rule, both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record"). Neither of the exceptions to the standard for VEs applies in this case. There is no evidence that the VE examined any medical records, although the VE did

hear testimony about Ms. Burk's mental health history from the medical expert at the hearing. However, when an ALJ poses a series of restrictive hypotheticals to a VE, this exception to the general rule that the ALJ must include all limitations in the hypothetical questions does not apply. *Simila v. Astrue*, 573 F.3d 503, 521 (7th Cir.2009); *Young v. Barnhart*, 362 F.3d 995, 1004 (7th Cir. 2004). Here, the ALJ posed restrictive hypotheticals to the VE, but did not include Ms. Burk's mild limitations, nor did he phrase the hypotheticals in such a way that they specifically excluded tasks that someone with Ms. Burk's limitations would not be able to perform. "[T]he most effective way to ensure that the VE is apprised fully of the claimant's limitations is to include all of them directly in the hypothetical." *O'Connor-Spinner*, 627 F.3d at 619. Therefore, the ALJ should have phrased the hypotheticals in such a way as to address Ms. Burk's mental limitations.

Because the ALJ failed to account for or discuss Ms. Burk's mild limitations in his assessment of her RFC, and since he did not include any of the limitations in his hypotheticals to the VE, the Court must remand this case for further consideration.

### B. Additional Issues

Given that the Court finds remand is required based on the first issue Ms. Burk has raised, the Court will not discuss the other issues she has raised in detail. The Court notes, however, that the ALJ should consider two additional issues on remand.

First, the second issue Ms. Burk raises – whether the ALJ's finding that Ms. Burk could perform her past job as emergency dispatcher given her mental health history – is related to the issue of whether the ALJ adequately incorporated Ms. Burk's mental limitations into the RFC and into his hypothetical questions to the VE. The ALJ's determination regarding Ms. Burk's ability to perform her past job as an emergency dispatcher may change on remand when he fully incorporates all of Ms. Burk's mental limitations into her RFC, and fully discloses them to the VE.

On remand, the ALJ should take care to analyze and explain his decision, particularly in light of the challenging emotional demands likely to face an emergency dispatcher on a regular basis.

Second, as to the ALJ's finding that Ms. Burk could perform her past relevant work as an emergency dispatcher "as performed,"[2] the ALJ must ensure on remand that he performs a function-by-function analysis of that position before determining that Ms. Burk can meet all the demands of the job. *See Nolen v. Sullivan*, 939 F.2d 516, 518 (7th Cir. 1991) ("We reiterate that the ALJ must specify the duties involved in a prior job and assess the claimant's ability to perform the specific tasks"); *Novak v. Barnhart*, 180 F.Supp.2d 990, 996-97 (E.D. Wis. 2001) (ALJ must give "careful consideration" to "the interaction of the limiting effects of the person's impairment(s) and the physical and mental demands of his or her past relevant work to determine whether the individual can still do that work") (citations and quotations omitted). The ALJ did not undertake a function-by-function analysis of the emergency dispatcher job, instead merely concluding that "[i]n comparing the claimant's [RFC] with the physical and mental demands of her past relevant work, and taking into consideration the vocational expert's testimony, the claimant is able to perform her past work as an emergency dispatcher as she performed it and as it is generally performed." [Filing No. 12-2 at 31.] This analysis is not adequate, and on remand the ALJ must fully address whether Ms. Burk can perform each essential task of her past job as an emergency dispatcher.[3]

---

[2] The Commissioner argues that the ALJ's decision "does not indicate that he found Plaintiff could perform past relevant work as performed." [Filing No. 19 at 12 (emphasis omitted).] But the ALJ's decision states "the claimant is able to perform her past work as an emergency dispatcher as she performed it and as it is generally performed," [Filing No. 12-2 at 31], so the Court rejects the Commissioner's argument.

[3] The Court rejects Ms. Burk's argument that the ALJ erroneously evaluated Dr. Ernstberger's medical opinion. [*See* Filing No. 14 at 14-19.] While the ALJ noted that Dr. Ernstberger opined on issues reserved for the Commissioner, he also thoroughly explained why he was giving little

## IV.
### CONCLUSION

For the reasons stated herein, the Court **VACATES** the ALJ's decision denying Ms. Burk disability insurance benefits and supplemental security income and **REMANDS** this matter for further proceedings consistent with this opinion pursuant to 42 U.S.C. § 405(g) (sentence four). Judgment shall issue accordingly.

Date:  April 29, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

---

weight to Dr. Ernstberger's opinion in any event – including that the opinion was based on a one-time examination, he was not Ms. Burk's treating physician, the limitations he noted were not supported by his "essentially normal examination" of Ms. Burk, and he likely filled out the RFC form with "substantial assistance" from Ms. Burk.  [Filing No. 12-2 at 30.]  The Court finds the ALJ's explanation regarding the weight he gave to Dr. Ernstberger's opinion to be adequate, and consistent with the record.